NOT RECOMMENDED FOR PUBLICATION
File Name:  16a0684n.06

**FILED**
Dec 19, 2016
DEBORAH S. HUNT, Clerk

No. 16-5295

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DAVID JONES, Individually and on behalf of all persons similarly situated )<br><br>     Plaintiff-Appellant, )<br><br>v. )<br><br>CLARK COUNTY, KENTUCKY; FRANK DOYLE, Individually )<br><br>     Defendants-Appellees. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |

BEFORE:    MERRITT, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge.  This case presents a federal procedural due process challenge to the practice of Kentucky jailers of sending a bill for incarceration costs to jailed prisoners who have subsequently been discharged without any sentence.   After arrest, David Jones was admitted to the Clark County Detention Center.  He spent fourteen months in jail, then left, and, five months thereafter, the accusations against him were dismissed.  Clark County then billed Jones $4,000 for the costs of his incarceration.  Jones paid $20, stopped paying, and sued Clark County and its jailor, asserting § 1983 and state claims both individually and on behalf of a class. The district court dismissed the federal claim and declined to exercise supplemental jurisdiction over the state claims.  Jones appeals, arguing once again that he has been deprived of procedural due process by the County and the County Jailor.  Because Kentucky allowed Jones to challenge

No. 16-5295
*Jones v. Clark Cty.*

the bill by refusing to pay it, Jones's procedural due process rights have not been violated. We do not have before us the separate question of whether federal substantive due process principles permit the state to legislate the reimbursement obligation for which Jones was billed.

Kentucky's pay-for-your-own-incarceration statute generally requires prisoners to reimburse the jailing county for the costs of their incarceration. KRS 441.265. Ordinarily, the prisoners "shall be required" to do so "by the sentencing court." KRS 441.265(1). But the jailing county may compel at least a part of that reimbursement without a sentencing court's order, because the jailing county may "automatically deduct[]" funds "from the prisoner's property or canteen account" to ensure payment of the fees. KRS 441.265(6). Not all prisoners have to pay for their incarceration. Prisoners do not pay if "the Department of Corrections is financially responsible for housing" the prisoner, KRS 441.265(8), and the Department of Corrections appears to be financially responsible for housing "prisoners charged with or convicted of violations of state law," KRS 441.206(1)–(2). Convicted and indicted prisoners, therefore, appear not to be billed for their incarceration. Merely arrested prisoners, who fail to post bond and are incarcerated, may be billed after release, even if all charges against them are later dismissed, leaving them with no convictions and no sentences.[1]

Here, accepting as true all of its well-pleaded factual allegations, Jones's complaint sets out the following facts. On October 26, 2013, David Jones was "arrested and admitted" to the Clark County Detention Center. He stayed there until December 15, 2014. On April 2, 2015, the accusations against Jones were dropped "because [Jones] proved he was entirely innocent of such offenses." After his release, Jones received a bill from the Clark County Detention Center

---

[1] While a Kentucky court has approved the automatic withholdings from non-sentenced prisoners as consistent with Kentucky law, *see Cole v. Warren County*, 495 S.W.3d 712 (Ky. Ct. App. 2016), and while this court has approved that practice as consistent with the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, *see Sickles v. Campbell Cty.*, 501 F.3d 726 (6th Cir. 2007), no court appears to have addressed the lawfulness of billing a released prisoner who was never convicted or sentenced, and whose charges were ultimately dismissed.

No. 16-5295
*Jones v. Clark Cty.*

to pay "more than $4,000 for the costs of his confinement."  Jones initially paid $20; he then stopped paying, on his counsel's advice.

The complaint does not plead why Jones was arrested or what Jones's bail was, if any.  It also does not plead when, and with what, Kentucky formally charged Jones, before dismissing those charges.  Thus the complaint does not allege that Jones was billed for incarceration when Kentucky gave Jones no option but to stay in jail; Jones may have been incarcerated because he was allowed, but failed, to post bond.

Jones sued Clark County and Frank Doyle, the Clark County Jailer, both individually and on behalf of all persons who were deprived of their property without due process of law when the Clark County Detention Center billed them for the costs of their incarceration without an order of a sentencing court.  The complaint alleged that requiring prisoners to pay for their own incarceration, where no trial court has convicted the prisoners and no sentencing court has ordered the payments, violated Kentucky law and the Fourth and Fourteenth Amendments of the U.S. Constitution.  The complaint also asserted various state-law claims of conspiracy, negligence, conversion, fraud, and violations of the Kentucky Constitution.

Defendants Clark County and Boyle moved to dismiss all claims.  As a part of that motion, the defendants argued that Jones had not alleged a viable claim of violation of the Fourth Amendment.  Jones responded, opposing the motion to dismiss, but "not object[ing]" to the dismissal of his Fourth Amendment claims.

The district court granted the motion to dismiss, dismissing the federal claims with prejudice, and dismissing the state claims without prejudice.  *Jones v. Clark Cty.*, No. 5:15-cv-350-JMH, 2016 WL 1050743 (E.D. Ky. Mar. 11, 2016).  Recognizing that Jones had not objected to the dismissal of his Fourth Amendment claim, *Jones*, 2016 WL 1050743, at *2 n.1,

-3-

No. 16-5295
*Jones v. Clark Cty.*

the district court analyzed only whether Jones's due process rights under the Fourteenth Amendment had been violated, *see id.* at *2.  In the context of Jones's § 1983 claim, then, the two issues were whether Jones was deprived of a protected property interest and whether Kentucky had failed to provide adequate process for that deprivation.  *Id.* (citing Ky. Dep't of *Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).  Assuming that Jones had a property interest in the $20 of which he was deprived, *id.* (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 571–73 (1972)), the district court concluded that Jones's due process rights had not been violated under the *Mathews v. Eldridge* balancing test, *id.* at *2–*6.

In conducting the *Mathews v. Eldridge* balancing test, the district court relied heavily on this court's opinion in *Sickles v. Campbell Cty.*, 501 F.3d 726 (6th Cir. 2007).  In *Sickles*, this court considered whether Kentucky had violated prisoners' due process rights when it withheld a portion of the transfers by friends and families into the prisoners' canteen accounts, which contained funds that the prisoners could use to purchase goods from the commissary, without an order of a sentencing court.  *See Sickles*, 501 F.3d at 728–29.  After balancing the factors that the panel identified in *Mathews v. Eldridge*, we concluded that no predeprivation hearing was required for the withholdings.  *Sickles*, 501 F.3d at 731.  Here, the district court found that that analysis controlled this case, because Jones raised no successful grounds on which to distinguish *Sickles*.  *Jones*, 2016 WL 1050743, at *4.

Jones's procedural due process rights have not been violated.  The only action taken by the defendants to get Jones's money was to bill for it and accept partial payment.  This is not a case in which the state has confiscated or converted property, such as property in the prisoner's pockets, or amounts sent to him by friends, or Social Security checks sent to him.  Instead Jones was merely billed.  We are pointed to no authority identifying a procedural due process right not

-4-

No. 16-5295
*Jones v. Clark Cty.*

to be *billed* by the government for amounts that the billed person contends he does not owe.  The billed party, after all, still possesses and owns the money until some further process is imposed upon him.

Stated in doctrinal terms, Jones does not have a property interest in not being billed. The bill from Clark County, on its own, has not deprived Jones of a protected property interest. A protected property interest is "defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  Jones points to no source of law that entitles him to enjoy his money unfettered by government bills, correct or incorrect.  An erroneously high bill from the government, without more, does not deprive the bill's recipient of a protected property interest; the IRS does not deprive a taxpayer of protected property interest every time it erroneously bills the taxpayer for more unpaid taxes than is due.  Jones's procedural due process claim thus fails at the outset.

Even if the process of billing and receiving partial payment could be thought of as a deprivation of a property interest, such a deprivation is inherently protected by process.  In this case, process inheres in the action the government takes to get payment of the bill.  The prisoner can refuse to pay the bill, leaving the burden on the jailer, who "may file a civil action to seek reimbursement from that prisoner for any amount owed which remains unpaid."   KRS 441.265(3).  In such a suit the defendant can raise all the state or federal issues he wants to challenge his liability.  In jail-reimbursement cases, in addition, a prisoner can "negotiat[e]" with the jailer, and the jailer may "release the prisoner from all or part of the prisoner's repayment obligation if the jailer believes that the prisoner will be unable to pay the full amount due."  KRS 441.265(7).

No. 16-5295
*Jones v. Clark Cty.*

Formally analyzed under the three-factor *Eldridge* test for what process is due, Jones's argument fails. We balance "[1] the private interest that will be affected by the official action; . . . [2] the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards; and . . . [3] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. at 335.

Balancing those factors, Jones was not due much process. In *Sickles*, this court balanced the factors for a different aspect of this same pay-for-your-own-incarceration regime—the aspect that allows Kentucky's county jailers automatically to withhold a portion of transfers into prisoners' canteen accounts, which contain funds that the prisoners can use at the commissary, without the order of a sentencing court. *See Sickles*, 501 F.3d at 728–29. We concluded that only minimal process was due and that Kentucky's pay-for-your-own-incarceration statute did not violate due process. *See id.* at 731. The same conclusion is required here.

First, the private interest at stake is minimal. Jones was merely billed for the reimbursement. No property was seized. The lack of a clearly defined property interest in the first place suggests that the property interest is minimal. Second, any risk of an erroneous deprivation is minor and, as the district court suggested, less than the risk in *Sickles*. *Jones*, 2016 WL 1050743, at *4. In *Sickles*, we assessed the risk of an erroneous deprivation when the county automatically withholds a portion of transfers into prisoners' accounts. We reasoned that the withholding "involves elementary accounting that has little risk of error and is non-discretionary." *Sickles*, 501 F.3d at 730. Here, too, elementary accounting determines Jones's bill—a simple multiplication of the per diem rate and the number of days spent in prison before formal charges. Here, too, the bill is non-discretionary—as the district court explained,

No. 16-5295
*Jones v. Clark Cty.*

"it applies to all persons confined in the Jail." *Jones*, 2016 WL 1050743, at *4. Furthermore, here, the risk of deprivation is diminished by process that the Kentucky statute provides to Jones, but did not provide to Sickles, as indicated above. Third, the government's interest in being able to proceed by billing is huge. It is hard to imagine how a government can obtain funds allegedly owed to it without being able to send a bill. Moreover, it would be paradoxical to hold that process should precede a bill. Due process at its core involves adequate notice, and a bill at its essence provides notice of a debt. It would not make sense to require notice before sending a notice.

We do not address the other argument that Jones makes at length on appeal: that he has no obligation to pay under Kentucky's pay-for-your-own-incarceration statute, once it has been determined that he will not be sentenced.[2] This is presented as a state-law issue rather than as a federal issue. The district court below declined to exercise supplemental jurisdiction over Jones's state law claims under 28 U.S.C. § 1367. We interpret this ruling as extending to claims based on the scope of the Kentucky statute, notwithstanding the district court's discussion of the issue as part of its due process analysis. *See Jones*, 2016 WL 1050743, at *6. Declining to exercise jurisdiction over the state law issues was appropriate. "Although [§ 1983] provides the citizen with an effective remedy against those abuses of state power that violate federal law, it does not provide a remedy for abuses that do not violate federal law." *Collins v. City of Harker Heights*, 503 U.S. 115, 119 (1992). We take no position on the state law issue. If the state were to sue to enforce the obligation, Jones could still contend that the Kentucky statute does not require him to

---

[2] Jones declined to argue on appeal in this case—at least until oral argument—that federal substantive due process requires that result. Any such argument is implicit at most in his briefing. "Generally speaking[,] . . . a party does not preserve an argument by raising it for the first time at oral argument." *United States v. Huntington National Bank*, 574 F.3d 329, 331 (6th Cir. 2009).

No. 16-5295
*Jones v. Clark Cty.*

pay.  Counsel for the defendants in this case, however, at oral argument disavowed any further

efforts to obtain the $4,000 beyond the $20 already received.

      The judgment of the district court is affirmed.